**BRIAN D. NAUGLE**
Valley County Prosecuting Attorney

BRIAN J. OAKEY
Chief Deputy Prosecuting Attorney
Idaho State Bar No. 6838
219 N. Main Street
PO Box 1350
Cascade, ID   83611
Telephone:  (208) 382-7120
Fax:           (208) 382-0005
valleypa@co.valley.id.us

*Attorney for Valley County Prosecuting Attorney Brian D. Naugle*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PENGUIN RANDOM HOUSE, *et al*.<br><br>  Plaintiffs,<br><br>v.<br><br>RAUL LABRADOR, in his official capacity as the Attorney General for the State of Idaho, *et al*.,<br><br>  Defendants. | Case No.  **1:25-cv-00061-DCN**<br><br>**MEMORANDUM IN SUPPORT OF THE VALLEY COUNTY PROSECUTING ATTORNEY'S MOTION TO DISMISS** |

The Valley County Prosecuting Attorney, Brian D. Naugle ("Valley County Prosecutor"), hereby submits this Memorandum in Support of the Valley County Prosecuting Attorney's Motion to Dismiss the above captioned case as it pertains to the Valley County Prosecutor. The Valley County Prosecutor agrees with and incorporates the reasoning and arguments advanced by other defendants in their respective motions to dismiss; particularly other county prosecuting attorneys who have been sued in their official capacities. Instead of repeating arguments and points of law that are universally applicable to the other defendants, this memorandum will focus on those issues specific to the Valley County Prosecutor.

## I. INTRODUCTION

The Valley County Prosecutor is a named defendant in the above captioned case not for what he has done, nor for what he has threatened to do. Rather, he has been sued "in his official capacity only, as a county prosecuting attorney in which Plaintiffs are located . . . ." Dkt at 20, ¶ 89 (emphasis added). The only named Plaintiff located in Valley County is the Donnelly Public Library District ("Donnelly Library"). Dkt. at 13-15, ¶ ¶ 50-58. While it is true Idaho Code § 18-1517B authorizes the Valley County Prosecutor to enjoin violations of the statute, it also authorizes the attorney general or any minor child, parent or guardian to bring a civil cause of action against an offending public library or public school. *See* Idaho Code § 18-1517B(3)-(5). In fact, the law provides considerably more enforcement authority to private parties than it gives the Valley County Prosecutor. *See id.* (authorizing a child, parent or legal guardian to seek injunctive relief, the collection of statutory damage, actual damages and any other relief available by law). Yet, Plaintiffs have singled out the Valley County Prosecutor as the only Defendant in Valley County that they seek to enjoin from enforcing the law. A curious strategy given the much broader authorization allowed by the private cause of action under Idaho Code § 18-1517B. Ultimately, if the Plaintiffs are successful in enjoining the Valley County Prosecutor from enforcing the statute, the result does nothing to protect the Donnelly Library from the "expensive litigation" it asks this Court to shield it from.[1]

Noticeably absent in the Complaint is any allegation that the Valley County Prosecutor or anyone from Mr. Naugle's office has initiated or threatened enforcement action in Valley County in any way or in any forum. This is not surprising since the Donnelly Library decided, of its own accord, to "transition[] to an adult-only library in May 2024" in order to avoid the very threat of enforcement

---

[1] Private parties are authorized to collect statutory damages, actual damages and any other relief available by law should the prevail in an action against a library or school. *See* Idaho Code § 18-1517B(4). The Valley County Prosecutor is limited to bring only an injunction against an offending public library or public school. *See* Idaho Code § 18-1517B(5).

Memorandum in Support of the Valley County Prosecuting Attorney's Motion to Dismiss (1:25-cv-00061-DCN) - Page | 2

that it now complains of. Dkt. at 15, ¶ 56. Taking the Complaint at face value, the Donnelly Library seeks injunctive relief against the Valley County Prosecutor without alleging a single fact to substantiate a reasonable fear of enforcement from his office. Considering the fact, the Donnelly Library has made the decision to comply with the statute essentially makes enforcement of the statute entirely moot, removing any fear – rational or irrational – of enforcement under the statute. The Valley County Prosecutor plays no role in promulgating statewide legislation, such as HB 710. Nor does he have the responsibility to defend its constitutionality. His role in this instance is limited to nothing more than bringing an equitable action to enjoin violations of the law with no authority to seek monetary fines or damages. *See* Idaho Code § 18-1517B(5) The Donnelly Library has no legal basis for suing the Valley County Prosecutor and he should be dismissed from the case.

## II.     JURISDICTIONAL STATEMENT

Standing is a jurisdictional requirement. If a plaintiff lacks standing, a district court has no authority other than to dismiss the action. *See Morongo Band of Mission Indians v. California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). The burden to establish subject-matter jurisdiction is on the party asserting it. *See Kokkonen v. Guardians Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). To meet the standing requirement to sue the Valley County Prosecutor, Plaintiffs must allege there is a specific and credible threat of actual or imminent enforcement action against them. *See Unified Data Services, LLC v. Federal Trade Commission*, 39 F.4th 1200, 1210 (9th Cir. 2022). There are no such allegations regarding the Valley County Prosecutor. Therefore, the Complaint is insufficient on its face to invoke federal jurisdiction as to the Valley County Prosecutor. *See Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

## III.     ARGUMENT

As a political subdivision, the Donnelly Library cannot simply allege injuries suffered by its

patrons to establish standing. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) (citing *Colorado River Indian Tribes v. Town of Parker*, 776 F.2d 846, 848 (9th Cir. 1985) ("[Cities] cannot sue as *parens patriae* because their power is derivative and not sovereign."). If the Donnelly Library was alleging a traditional harm to its interests arising from its duties and powers as a political subdivision, it may, arguably, be on the right track to demonstrate standing. *See Pioneers Memorial Healthcare District. V. Imperial Valley Healthcare District*, --- F.Supp.3d ---, 2024 WL 3858135 (U.S. Dist. Ct., S.D. Cali., 2024) (quoting *City of Sausalito*, 386 F.3d at 1199). Instead, Plaintiffs allege the adult-only policy[2] and waiver system it voluntarily adopted in order to avoid the "risk of litigation" creates a stigma to its patrons and limits access to the library and its materials resulting in fewer materials being checked out of the library. Dkt. at 15, 30, ¶¶ 58, 143. If, assuming *arguendo*, this is a qualifying injury, it is one that appears to be suffered by the patrons of the library and not the Donnelly Library itself. Even if the harm is traceable to the Donnelly Library, it cannot simply inflict harm on itself based on its fear of hypothetical future enforcement to establish standing. *See Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 416, 133 S.Ct. 1138, 185 L.Ed.2d 264 (2013). Notably, the adult-only policy was instituted before HB 710 took effect and the alleged reduction in library memberships and after-school programs are traceable only to its own actions and not those of the Valley County Prosecutor. Allowing the Donnelly Library to bring this action based on costs they incurred as a result of their own self-imposed policies impermissibly lowers the bar for Article III standing. *See id.* More conspicuous is the absence of a single factual assertion that the Valley County Prosecutor has taken any action that, if assumed to be true, would violate Plaintiffs legal rights, especially the Donnelly Library. In fact, the single solitary reference to the Valley County Prosecutor in the body of the Complaint is found at paragraph 89 where it does nothing more than describe his

---

[2] According to the Complaint, the Donnelly Library's "Adult Only" policy was instituted in May of 2024, prior to the enactment of HB 710 on July 01, 2024.

authority to enforce the law. Dkt. at 20.

Plaintiffs complain that patrons of the Donnelly Library have been stigmatized by policies that have been enacted as a result of HB 710 and fewer books have been checked out as a result, dkt. 30, ¶ 143, but do not allege this is the result of any action taken or threatened by the Valley County Prosecutor. Specific to the Donnelly Library, the Complaint alleges the size of the library is too small to "accommodate the age restrictions HB 710 demands," dkt. 20, ¶ 139, but provides no causal connection between the Valley County Prosecutor and the library's challenge in providing an adults-only section of the library. Finally, the Complaint decries that it simply cannot afford the risk of litigation dkt. 14, ¶ 54, but has ameliorated any rational fear of enforcement by limiting the library to adults-only in May of 2024, dkt. 15, ¶ 56, and the implementation of a waiver program, dkt. 30, ¶ 141. It is unclear and confusing why the Valley County Prosecutor is named in this lawsuit at all. The only connection linking the Valley County Prosecutor to this litigation is his authority to bring an action for injunctive relief. Dkt at 20, ¶ 89. On its face, the Complaint fails to establish any injury has been suffered or will be suffered by the Donnelly Library at the hands of the Valley County Prosecutor.

Should the Court determine that the Plaintiffs have satisfied the "injury in fact" standard, a much larger standing problem looms for the Donnelly Public Library. The Donnelly Library is a public library district with its powers and authorities created by state statute. Dkt. at 14, ¶ 50. The Valley County Prosecutor is an elected official with his powers and authorities also outlined in state statute. *See* Idaho Code § 31-2601 *et seq.* This litigation, at least as it relates to the Donnelly Library and the Valley County Prosecutor, pits one political subdivision against another. Well settled federal law prohibits such challenges and the Valley County Prosecutor should be dismissed from this case.

The Ninth Circuit, has "consistently held that political subdivisions lack standing to

challenge state law on constitutional grounds in federal court." *City of San Juan Capistrano v. Cal. Publ. Utilities Comm'n*, 937 F.3d 1278, 1280 (9th Cir. 2019). This means that the Donnelly Library, and any other political subdivision of the State, cannot meet the threshold requirement of Article III standing. *See City of South Lake Tahoe v. California Tahoe Reg'l Planning Agency*, 625 F.2d 231, 233-34 (9th Cir 1980). It also lacks standing to challenge the implementation of that statute in federal court. *See Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1361-62. (holding that *South Lake Tahoe*'s "broad, per se rule" barred the Airport Authority's challenge to Burbank's "implementation of [a] state statute"); *see also South Lake Tahoe,* 625 F.2d at 232-34 (dismissing Fourteenth Amendment challenge to regional planning agency's enforcement of "land use regulations and regional and transportation plans"). "This is true whether the defendant is the state itself or another of the state's political subdivisions." *South Lake Tahoe,* 625 F.2d at 233. This is also true if the defendant is a named state official. *Palomar Pomerado Health Sys. v. Belshe*, 189 F.3d 1104, 1108 (9th Cir. 1999).

The only named Plaintiff in this case with any jurisdictional relationship to the Valley County Prosecutor is the Donnelly Library. None of the other Plaintiffs are citizens of Valley County, members of the Donnelly Library, or an individual who has claimed to be in jeopardy from the actions of the Valley County Prosecutor. Because the Donnelly Library is a political subdivision of the State, it has no standing to sue its local County Prosecutor in federal court on a constitutional theory. Therefore, the case, as it pertains to Brian Naugle acting in his capacity as the Valley County Prosecutor, should be dismissed.

## IV.   CONCLUSION

Plaintiff's Complaint should be dismissed as to the Valley County Prosecutor.

**Dated** this 26th day of February, 2025.

                                            **Brian D. Naugle**
                                            Valley County Prosecuting Attorney

By: _____
                    Brian J. Oakey
                    Valley County Chief Deputy Prosecutor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of February, 2025, I served a true and correct copy of the foregoing *Memorandum in Support of the Valley County Prosecuting Attorney's Motion to Dismiss* electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Deborah A. Ferguson
FERGUSON DURHAM, PLLC
223 N. 6th St., Ste. 325
Boise, Idaho 83702
daf@fergusondurham.com

Michael J. Grygiel
Daniela del Rosario Wertheimer
Cornell Law School First Amendment Clinic
Myron Taylor Hall
Ithaca, New York 14853
mjg395@cornell.edu
ddw83@cornell.edu

James E.M. Craig
Aaron M. Green
Megan Anderson
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 83720
Boise, Idaho 83720-0010
james.craig@ag.idaho.gov
aaron.green@ag.idaho.gov
megan.anderson@ag.idaho.gov

Dayton P. Reed
Ada County Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, Idaho 83702
civilpafiles@adacounty.id.gov

Bentley G. Stromberg
321 13th Street
P.O. Box 1510
Lewiston, Idaho 83501
bstromberg@clbrmc.com

Victor Vilegas
Lakey Villegas Law and Policy
141 East Carlton Ave.
Meridian, Idaho 83642
victor@LVLawIdaho.com

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated below:

N/A

By /s/ Kathleen Wilson
Kathleen Wilson
Valley County Prosecutor's Office