Victor Villegas [ISB No. 5680]
LAKEY VILLEGAS LAW AND POLICY
141 E. Carlton Ave.
Meridian, Idaho 83642
Office: (208) 908-4415
Fax: (208) 493-4610
Email: victor@lvlawidaho.com

*Attorneys for Defendant*
*The Eagle Public Library Board of Trustees*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| **PENGUIN RANDOM HOUSE LLC**; **HACHETTE BOOK GROUP, INC.**; **HARPERCOLLINS PUBLISHERS LLC**; **MACMILLAN PUBLISHING GROUP, LLC**; **SIMON & SCHUSTER, LLC**; **SOURCEBOOKS LLC**; **THE AUTHORS GUILD**; **MALINDA LO**; **DAVID LEVITHAN**; **DASHKA SLATER**; **THE DONNELLY PUBLIC LIBRARY DISTRICT**; **CHRISTIE NICHOLS**; **OLIVIA LANZARA**; **J.E.**, by and through his mother and next friend Barbara Ersland; **BARBARA ERSLAND**; and **MELISA CULL**,<br><br>        Plaintiffs,<br><br>v.<br><br>**RAÚL LABRADOR**, in his official capacity as Attorney General of the State of Idaho; **JAN BENNETTS**, in her official capacity as Ada County Prosecuting Attorney; **JUSTIN COLEMAN,** in his official capacity as Nez Perce County Prosecuting Attorney; **BRIAN NAUGLE**, in his official capacity as Valley County Prosecuting Attorney; **JOHN OR JANE DOE**; and **THE EAGLE PUBLIC LIBRARY BOARD OF TRUSTEES,** a department of the **CITY OF EAGLE,**<br><br>        Defendants. | Case No. 1:25-cv-61<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT THE EAGLE PUBLIC LIBRARY BOARD OF TRUSTEES' MOTION TO DISMISS** |

## INTRODUCTION

This case involves a challenge to the constitutionality of Idaho Code § 18-1517B brought by multiple plaintiffs. Among the claims in the Complaint, Plaintiff Melisa Cull ("Cull"), an Eagle resident, asserts a claim against the City of Eagle's Public Library Board of Trustees ("Eagle Library Board") regarding the relocation of books from the children's and young adult sections to the library's adult section. Eagle Library Board has filed the present Motion to Dismiss seeking dismissal of the Complaint as it pertains to the Eagle Library Board on the ground that this Court lacks subject matter jurisdiction over Cull's claim because she lacks standing.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction, including claims for which a plaintiff lacks standing. *See Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1121 (9th Cir. 2010). On a motion to dismiss for lack of standing, a court must accept as true all material allegations of the complaint and must construe the complaint in favor of complaining party. *Warth v. Seldin*, 422 U.S. 490, 501, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975); *Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir. 2007).

## ARGUMENT

I. **Plaintiff Melisa Cull Lacks Standing To Bring This Lawsuit Against The Eagle Library Board.**

Plaintiff Cull cannot meet the required elements for establishing standing and therefore this Court lacks subject matter jurisdiction over Cull's claim against the Eagle Library Board.

The doctrine of standing is a subcategory of justiciability and "[i]n essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). To establish Article

III standing to sue, a plaintiff must show that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Arizona All. for Retired Americans v. Mayes*, 117 F.4th 1165, 1171–72 (9th Cir. 2024). The party invoking federal jurisdiction carries the burden of establishing those three elements. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

To establish an injury in fact, the plaintiff must have suffered an invasion of a legally protected interest which is concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). The injury in fact test, "…requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Lujan*, 504 U.S. at 563, 112 S. Ct. at 2137. The U.S. Supreme Court in *Warth* has explained that when the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205, 45 L. Ed. 2d 343 (1975). Thus, "even when a plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, this Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id*.

In this case, Cull's allegations asserted against the Eagle Library Board provide as follows:

> 80. On July 24, 2024, an anonymous individual submitted 23 written notices to the Eagle Public Library Board (the "Board") pursuant to Idaho Code § 18-1517B(3), requesting that 23 books be relocated or removed from circulation because they purportedly violated HB 710.
> 81. Pursuant to the requests, the Board removed three of those books from the library shelves and placed them behind the circulation desk, including *What Girls Are Made Of* by Elana K. Arnold. Minors are now restricted from accessing these three books without written parent or guardian consent.

> 82. The remaining twenty books complained of were removed from the children's and young adult sections and reshelved in the library's adult area.
> …
> 84. Under HB 710, Cull worries that Eagle's youth are missing out on transformational, important, First Amendment-protected materials and will thus lose out on building lifelong skills in empathy and understanding. Cull also worries that Eagle's youth will be less prepared to face life's harder struggles as a result of HB 710.
> 85. Cull wants her children to have free and open access to constitutionally protected materials. Since the removal and reshelving of 23 titles in the Eagle Public Library, Cull fears that her children and others will face stigma for seeking out allegedly "inappropriate" books, or that they will avoid otherwise valuable literature altogether.

(Dkt. #1 at ¶¶ 80-82, 84-85). There is a stark difference between relocating a book and banning a book entirely. The Eagle Library Board's decision to relocate 23 books has not prevented Cull from checking out the books for herself (and for that matter Cull could thereafter give those books to her children if she so chose). Cull has not alleged nor demonstrated how she herself has suffered a particularized harm amounting to an invasion of a legally protected interest, which is required to meet the 'injury in fact' test for standing. *See, Arizona All. for Retired Americans,* 117 F.4th at 1171–72; *see also Lujan*, 504 U.S. at 561, 112 S. Ct. at 2136.

In addition, Cull's allegations regarding her worries that "…Eagle's youth are missing out on transformational, important, First Amendment-protected materials and will thus lose out on building lifelong skills in empathy and understanding" (Dkt. 1 at ¶ 84) and her fear that, "that her children and others will face stigma for seeking out allegedly 'inappropriate' books…" (Dkt. 1 at ¶ 85) are a generalized grievance shared by a large class of persons which, according to *Warth*, cannot give rise to federal question jurisdiction. For these reasons, this Court should find that Cull lacks standing to bring the present lawsuit against the Eagle Library Board.

## **CONCLUSION**

For the reasons set forth herein, the Eagle Library Board respectfully requests that this

Court grant its Motion and dismiss Plaintiffs' Complaint as to the Eagle Library Board.

DATED: February 26, 2025.

                                        LAKEY VILLEGAS LAW AND POLICY
                                        By: */s/ Victor S. Villegas*
                                              Victor S. Villegas
                                             *Attorneys for Defendant*
                                             *The Eagle Public Library Board of Trustees*

## CERTIFICATE OF SERVICE

The undersigned, being sworn, says that on the 26th day of February, 2025, caused a true and correct copy of the foregoing to be served to each of the following individuals by the method indicated below:

| | |
|---|---|
| Deborah A. Ferguson, Bar No. 5333<br>FERGUSON DURHAM, PLLC<br>daf@fergusondurham.com<br><br>Michael J. Grygiel<br>Daniela Del Rosario Wertheimer<br>CORNELL LAW SCHOOL FIRST<br>AMENDMENT CLINIC<br>mjg395@cornell.edu<br>ddw83@cornell.edu<br>*Attorneys for Plaintiffs* | ☐ U.S. Mail<br>☐ Facsimile<br>☐ Hand Delivery<br>☒ E-filing/Email |

*/s/ Sarah Smith*
Paralegal