Bentley G. Stromberg
CLEMENTS, BROWN & McNICHOLS, P.A.
Attorneys at Law
bstromberg@clbrmc.com
tfitzmaurice@clbrmc.com
321 13th Street
Post Office Box 1510
Lewiston, Idaho 83501
(208) 743-6538
(208) 746-0753 (Facsimile)
ISB No. 3737

  *Attorneys for Defendant Justin Coleman*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PENGUIN RANDOM HOUSE LLC; HACHETTE BOOK GROUP, INC.; HARPERCOLLINS PUBLISHERS LLC; MACMILLAN PUBLISHING GROUP, LLC; SIMON & SCHUSTER, LLC; SOURCEBOOKS LLC; THE AUTHORS GUILD; MALINDA LO; DAVID LEVITHAN; DASHKA SLATER; THE DONNELLY PUBLIC LIBRARY DISTRICT; CHRISTIE NICHOLS; OLIVIA LANZARA; J.E., by and through his mother and next friend Barbara Ersland; BARBARA ERSLAND; and MELISA CULL,<br>    Plaintiffs,<br><br> v.<br><br>RAUL LABRADOR, in his official capacity as Attorney General of the State of Idaho; JAN BENNETTS, in her official capacity as Ada County Prosecuting Attorney; JUSTIN COLEMAN, in his official capacity as Nez | Case No. 1:25-cv-00061-DCN<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT JUSTIN COLEMAN'S MOTION TO DISMISS |

MEMORANDUM IN SUPPORT OF
DEFENDANT JUSTIN COLEMAN'S
MOTION TO DISMISS    - 1 -

| | |
|---|---|
| Perce County Prosecuting Attorney; BRIAN NAUGLE, in his official capacity as Valley County Prosecuting Attorney; JOHN OR JANE DOE; and THE EAGLE PUBLIC LIBRARY BOARD OF TRUSTEES, a department of the CITY OF EAGLE, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

# I.
# INTRODUCTION

Idaho House Bill ("HB") 710 went into effect on July 1, 2024. Broadly speaking, HB 710 prohibits schools and public libraries from making "harmful" materials (generally, materials with sexual content) available to minors. Idaho Code §18-1517B(2). Among other things, HB 710 authorizes the Idaho Attorney General and county prosecutors to seek injunctive relief against schools or public libraries which make such materials available to minors. Id.

Plaintiffs are book publishers, authors, an author's guild, a public library district, and several individuals. Plaintiffs claim that HB 710 is unconstitutional. Plaintiffs seek an order declaring that HB 710 is unconstitutional and preliminary and permanent orders enjoining defendants from enforcing it.

One of the prosecuting attorney defendants is Justin Coleman ("Coleman") – the Nez Perce County Prosecuting Attorney. (Complaint, ¶ 88). The Complaint does not allege that Coleman had any role in enacting HB 710, has enforced HB 710, has threatened to enforce HB 710, has demanded that a single book be removed from any library, or has even commented on HB 710. Instead, it appears that Coleman is a

defendant only because he is the Nez Perce County Prosecutor and because plaintiff J.E., who resides in Nez Perce County, is "concerned" or "worried" that J.E.'s school library – and not Coleman – may someday prevent him from having access to certain books. (Complaint, ¶¶'s 64-73).[1] [2] The logic connecting a school library which might someday prevent J.E. from having access to certain books and J.E.'s claim against Coleman is unarticulated. Even more mysterious is the logic connecting Coleman to the claims of the other plaintiffs who have sued him – none of whom are alleged to be Nez Perce County schools or public libraries which intend to make "harmful" material available to minors in Nez Perce County.[3]

## II.
## ARGUMENT

A.     **Plaintiffs lack standing to sue Coleman.**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Federal Court subject matter jurisdiction is lacking where the

---

[1] J.E.'s residence in Nez Perce County is apparently the only reason Coleman is a named defendant. Otherwise, every other county prosecutor in Idaho would be a named defendant.

[2] It appears that J.E. may not be a "minor" for much longer. Idaho Code § 32-101 and Complaint, ¶ 65. Once J.E. turns 18, J.E. will no longer be even potentially affected by HB 710 and therefore clearly will not have standing to be a plaintiff in this case. If necessary, Coleman will re-file his motion once J.E. turns 18.

[3] All four counts of the Complaint are specified as being "All Plaintiffs Against All Defendants".

MEMORANDUM IN SUPPORT OF
DEFENDANT JUSTIN COLEMAN'S
MOTION TO DISMISS                - 3 -

plaintiff(s) lack standing. California v. Texas, 593 U.S. 659, 668 (2021); and Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

Standing requires that prior to the exercise of Federal Court jurisdiction, "there exist a constitutional 'case or controversy,' that the issues presented are 'definite and concrete, not hypothetical or abstract.'" Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000) quoting Railway Mail Ass'n v. Corsi, 326 U.S. 88, 93 (1945).

"A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists." Coy v. Ada County, Case No. 1:23-cv-00144AKB, 2023 WL 662633 at *1 (D. Idaho 2023) (citing Kokkomen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Parties invoking federal jurisdiction bear the burden of establishing the elements of standing. Meland v. Weber, 2 F.4th 838, 843 (9th Cir. 2021).

Standing normally requires that the plaintiff establish four elements: 1) plaintiff is under threat of suffering an injury in fact that is concrete and particularized; 2) the threat must be actual and imminent and not conjectural or hypothetical; 3) the threat must be fairly traceable to the challenged conduct of the defendant and 4) it must be likely that a favorable judicial decision will prevent or redress the injury. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). A plaintiff is required to clearly allege facts demonstrating each element of standing to avoid dismissal. Twitter, Inc. v. Paxton, 56 F.4th 1170, 1175 (9th Cir. 2022).

Where, as here, a party is attempting to establish pre-enforcement standing, the party must allege "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder. Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014), (quoting Babbit v. Farm Workers, 442 U.S. 289, 298 (1979)). The Ninth Circuit employs a three-factor inquiry to determine whether a threat of enforcement is genuine enough to confer standing: 1) whether the plaintiff has a concrete plan to violate the law; 2) whether the enforcement authorities have communicated a specific warning or threat to initiate proceedings; and 3) whether there is a history of past prosecution or enforcement. Tingley v. Ferguson, 47 F.4th 1055, 1067 (9th Cir. 2022)(citing, Thomas at 1139). The mere existence of a proscriptive statute or a generalized threat of prosecution do not satisfy that test. Id. And even in the somewhat relaxed First Amendment standing context, a party must still show an actual or imminent injury to a legally protected interest. Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2002).

Here, the Nez Perce County plaintiff -- J.E. -- does not allege that he plans to violate any law, that Coleman has in any manner communicated a warning or threat to initiate proceedings against him (or anyone else, for that matter), or that Coleman has a past history of enforcing HB 710. And certainly, J.E. has not alleged an actual or imminent injury to a legally protected interest. Instead, he alleges, at most, that he is "worried" or "concerned" that he might someday not have access to certain books at his

school library. (Complaint, ¶¶'s 69, 70 and 73). J.E. therefore plainly has not established that he has standing to sue Coleman.

And the other plaintiffs have not even attempted to articulate how any actual or threatened, or even hypothetical, action by Coleman (the Nez Perce County Prosecutor) would cause them any harm at all. The other plaintiffs – which include residents of other counties and out of state corporations – have not alleged that Coleman has, will or could take any action which has or would injure them in any way at all. Therefore, they too clearly lack standing to bring this action against Coleman.

## III.

## INCORPORATION BY REFERENCE

Coleman hereby incorporates by reference the standing arguments made in support of his co-defendants' motions to dismiss.

## IV.

## CONCLUSION

Each of the plaintiffs lack standing to sue Coleman, and Coleman's motion to dismiss should therefore be granted.

DATED this 26th day of February, 2025.

CLEMENTS, BROWN & McNICHOLS, P.A.

By  /s/ Bentley G. Stromberg
    BENTLEY G. STROMBERG
    Attorney for Defendant Justin Coleman

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of February, 2025 I caused to be served a true and correct copy of foregoing by the methods indicated below, and addressed to the following:

| | | |
|---|---|---|
| Deborah A. Ferguson<br>Craig Durham<br>FERGUSON DURHAM, PLLC<br>223 N. 6th Street, Suite 325<br>Boise, ID 83702<br>daf@fergusondurham.com<br>chd@fergusondurham.com | [X ]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |
| Daniela Del Rosario Wertheimer<br>Cornell Law School First Amendment Clinic<br>Myron Taylor Hall<br>Ithaca, NY 14853<br>ddw83@cornell.edu | [X ]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |
| Michael J. Grygiel<br>GREENBURG TRAURIG, LLP<br>54 State St., 6th Floor<br>Albany, NY 12207<br>grygielm@gtlaw.com | [X]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |
| Victor S. Villegas<br>LAKEY VILLEGAS LAW & POLICY<br>141 E. Carlton Ave.<br>Meridian, ID 83642<br>victor@lvlawidaho.com | [X]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |
| Dayton P. Reed<br>Ada County Prosecutor's Office Civil Division<br>200 W. Front Street, Room 3191<br>Boise, ID 83702<br>dreed@adacounty.id.gov | [X]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |
| Brian J. Oakey<br>Idaho State Department of Agriculture<br>P.O. Box 790<br>Boise, ID 83701<br>boakey@co.valley.id.us | [X]<br>[ ]<br>[ ]<br>[ ]<br>[ ] | PACER<br>U.S. MAIL<br>ELECTRONIC MAIL<br>FACSIMILE:<br>HAND DELIVERED |

      /s/   Bentley G. Stromberg
      Bentley G. Stromberg

MEMORANDUM IN SUPPORT OF
DEFENDANT JUSTIN COLEMAN'S
MOTION TO DISMISS                - 7 -