# Exhibit A

# GENERAL AND SPECIAL LAWS

## OF THE

# STATE OF IDAHO



PASSED BY
THE FIRST REGULAR SESSION OF THE
FORTY-THIRD IDAHO LEGISLATURE

Convened January 5, 1976
Adjourned March 19, 1976

———————

Idaho Official Directory and Roster of State Officials and Members
of State Legislature Follows the Index.

PUBLISHED BY AUTHORITY OF THE
SECRETARY OF STATE

PETE T. CENARRUSA
Secretary of State
Boise, Idaho

———————

Printed by The Caxton Printers, Ltd.
Caldwell, Idaho

## CHAPTER 81

(H.B. No. 618)

### AN ACT

RELATING TO INDECENCY AND OBSCENITY; AMENDING SECTION 18-4101, IDAHO CODE, BY PROVIDING ADDITIONAL DEFINITIONS; AMENDING SECTION 18-4102, IDAHO CODE, BY PROVIDING ACTIVITIES WHICH SHALL BE EXEMPT FROM THE PROVISIONS OF THE ACT; AMENDING SECTION 18-4103, IDAHO CODE, BY PROVIDING EACH SALE OR DISTRIBUTION SHALL BE A SEPARATE OFFENSE; AMENDING CHAPTER 41, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-4103A, IDAHO CODE, BY PROVIDING THAT ANY INDIVIDUAL INVOLVED IN THE ADVERTISEMENT OR PROMOTION OF OBSCENE MATTER SHALL BE GUILTY OF A MISDEMEANOR; AMENDING SECTION 18-4104, IDAHO CODE, BY PROVIDING THAT A PERSON WHO PROCURES, COUNSELS, OR ASSISTS ANY PERSON IN OBSCENE CONDUCT IS GUILTY OF A MISDEMEANOR; AMENDING CHAPTER 41, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-4105A, IDAHO CODE, BY PROHIBITING A SELLER TO FORCE A BUYER OR CONSIGNEE TO ACCEPT MATTER DEEMED OBSCENE BY THE CONSIGNEE; AMENDING SECTION 18-4107, IDAHO CODE, BY AMENDING THE PENALTY FOR CONSPIRACY FROM A MISDEMEANOR TO A FELONY; AMENDING SECTION 18-4109, IDAHO CODE, BY PROVIDING PUNISHMENT FOR EACH SEPARATE OFFENSE; AMENDING SECTION 18-4110, IDAHO CODE, BY STRIKING PROVISIONS THAT EVIDENCE MUST ESTABLISH CONTEMPORARY COMMUNITY STANDARDS; REPEALING SECTION 18-4111, IDAHO CODE; AMENDING CHAPTER 41, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-4111, IDAHO CODE, PROVIDING FOR SEARCH WARRANTS; REPEALING SECTION 18-4112, IDAHO CODE; AMENDING CHAPTER 41, TITLE 18, IDAHO CODE, BY THE ADDITION OF A NEW SECTION 18-4112, IDAHO CODE, PROVIDING FOR CONTRABAND AND DESTRUCTION OF OBSCENE MATTER; AMENDING SECTION 18-4114, IDAHO CODE, PROVIDING THAT INJUNCTIONS MAY BE USED TO ENFORCE PROVISIONS OF THE ACT; AMENDING SECTION 18-1514, IDAHO CODE, BY PROVIDING ADDITIONAL DEFINITIONS OF MATTER HARMFUL TO YOUTHS; AND PROVIDING FOR PARTIAL INVALIDITY AND SEVERABILITY.

Be It Enacted by the Legislature of the State of Idaho:

SECTION 1. That Section 18-4101, Idaho Code, be, and the same is hereby amended to read as follows:

C. 81 '76          IDAHO SESSION LAWS           259

18-4101. DEFINITIONS. The following definitions are applicable to this act:

~~(a) "Obscene" material means material (1) the dominant theme of which, taken as a whole, appeals to a prurient interest, (2) which is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters, and (3) which is utterly without redeeming social value. In prosecutions under this act, where circumstances of production, presentation, sale, dissemination, or publicity indicate that the matter is being commercially exploited by the defendant for the sake of its prurient appeal, such evidence is probative with respect to the nature of the matter and can justify the conclusion that the matter is utterly without redeeming social value.~~

<u>(A)  "Obscene" material means any matter:</u>
<u>(1)  which the average person, applying contemporary community standards, would find, when considered as a whole, appeals to the prurient interest; and</u>
<u>(2)  which depicts or describes patently offensive representations or descriptions of:</u>
<u>  (a) ultimate sexual acts, normal or perverted, actual or simulated; or</u>
<u>  (b) masturbation, excretory functions, or lewd exhibition of the genitals or genital area.</u>
<u>Nothing herein contained is intended to include or proscribe any matter which, when considered as a whole, and in the context in which it is used, possesses serious literary, artistic, political or scientific value.</u>
<u>In prosecutions under this act, where circumstances of production, presentation, sale, dissemination, or publicity indicate that the matter is being commercially exploited by the defendant for the sake of its prurient appeal, such evidence is probative with respect to the nature of the matter and can justify the conclusion that, in the context in which it is used, the matter has no serious literary, artistic, political, or scientific value.</u>

~~(b)~~ <u>(B)</u> "Prurient interest" means a shameful or morbid interest in nudity, sex, or excretion, which goes substantially beyond customary limits of candor in description or representation of such matters. If it appears from the character of the material or the circumstances of its dissemination that the subject matter is designed for a specially susceptible audience or clearly defined deviant sexual group, the appeal of the subject matter shall be judged with reference to such audience or group.

~~(c)~~ <u>(C)</u> "Matter" or "material" means any book, maga-

zine, newspaper, or other printed or written material; or any picture, drawing, photograph, motion picture, or other pictorial representation; or any statue or other figure; or any recording, transcription, or mechanical, chemical, or electrical reproduction; or any other articles, equipment, machines, or materials.

~~(d)~~ (D) "Person" means any individual, partnership, firm, association, corporation, or other legal entity; or any agent or servant thereof.

~~(e)~~ (E) "Distribute" means to transfer possession of, whether with or without <u>consideration, by any means.</u>

~~(f)~~ (F) "Knowingly" means having actual or constructive knowledge of the character of the subject matter or live conduct. A person shall be deemed to have constructive knowledge of the character of the subject matter or live conduct if he has knowledge of facts which would put a reasonable and prudent man on notice as to the suspect nature of the <u>matter, and the failure to inspect the contents is either for the purpose of avoiding such disclosure or is due to reckless conduct.</u>

<u>(G) "Reckless conduct" is conduct which consciously disregards a substantial and unjustifiable risk that matter may be obscene. The risk must be of such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that an average law-abiding person would observe in the actor's situation under like circumstances.</u>

~~(g)~~ (H) "Exhibit" means to show or display.

~~(h)~~ (I) "Obscene live conduct" means any physical human body activity, whether performed or engaged in alone or with other persons, including but not limited to singing, speaking, dancing, acting, simulating, or pantomiming, where ~~(1) the dominant theme of such conduct, taken as a whole, appeals to a prurient interest; (2) the conduct is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters; and (3) the conduct is utterly without redeeming social value. In prosecutions under this act, where circumstances of production, presentation, advertising, or exhibition indicate that live conduct is being commercially exploited by the defendant for the sake of its prurient appeal, such evidence is probative with respect to the nature of the conduct and can justify the conclusion that the conduct is utterly without redeeming social value.:~~

<u>(1) the average person, applying contemporary community standards, would find such conduct, when considered as a</u>

<u>whole, appeals to the prurient interest; and
(2) the conduct is patently offensive because it consists of:
(a) ultimate sexual acts, normal or perverted, actual or simulated; or
(b) masturbation, excretory functions, or lewd exhibition of the genitals or genital area.
Nothing herein contained is intended to include or proscribe any conduct which, when considered as a whole, and in the context in which it is used, possesses serious literary, artistic, political or scientific value. In prosecutions under this act, where circumstances of production, presentation, advertising, or exhibition indicate that live conduct is being commercially exploited by the defendant for the sake of its prurient appeal, such evidence is probative with respect to the nature of the conduct and can justify the conclusion that, in the context in which it is used, the matter has no serious literary, artistic, political or scientific value.</u>

SECTION 2. That Section 18-4102, Idaho Code, be, and the same is hereby amended to read as follows:

18-4102. AFFIRMATIVE DEFENSE. It is not innocent but calculated purveyance which is prohibited. This act shall not apply to any persons who may possess or distribute obscene matter or participate in conduct otherwise proscribed by this act when such possession, distribution, or conduct occurs ~~in-the-course-of-law-enforcement-and-judicial-activities-or-in-the-course-of-bona-fide--school,--college,--university,-museum-or-public-library-activities-or-in the-course-of-employment-of-such-an-organization-or-a-retail outlet-affiliated-with-and-serving-the-educational--purposes of-such-an-organization,-or-in-the-course-of-employment-as-a moving-picture-machine-operator,-or-assistant-operator,-in-a motion--picture--theater-in-connection-with-a-motion-picture film-or-show-exhibited-in-such-theater-if-such--operator--or assistant--operator--has-no-financial-interest-in-the-motion picture-theater-wherein-he-is-so--employed--other--than--his wages--received-or-owed,-or-like-circumstances-of-justification-where-the-possession,-distribution,-or-conduct--is--not limited--to--the--subject-matter's-appeal-to-prurient-interests,~~:
<u>(A) within the scope of employment of law enforcement and judicial activities; or
(B) within the scope of employment of bona fide school, college, university, museum or public library activities or</u>

within the scope of employment of such an organization or a retail outlet affiliated with and serving the educational purposes of such an organization; or

(C) within the scope of employment as a moving picture machine operator, assistant operator, usher, or ticket taker in a motion picture theater in connection with a motion picture film or show exhibited in such theater, if such operator or assistant operator has no financial interest in the motion picture theater wherein he is so employed other than his wages received or owed, and such person consents to give testimony regarding such employment in all judicial proceedings brought under this act, when granted immunity by the trial judge; or

(D) under like circumstances of justification where the possession, distribution or conduct possesses serious literary, artistic, political or scientific value.

If this issue is not presented by the prosecution's evidence, the defendant may raise the same as an affirmative defense by presenting some evidence thereon. Where raised, the prosecution must sustain the burden of proving the defendant guilty beyond a reasonable doubt as to that issue.

SECTION 3. That Section 18-4103, Idaho Code, be, and the same is hereby amended to read as follows:

18-4103. GENERAL SALE OR DISTRIBUTION, ETC., OF OBSCENE MATTER -- PENALTY. Every person in this state who knowingly: brings or causes to be brought into this state for sale or distribution; or in this state prepares for distribution, publishes, prints, exhibits, distributes, or offers to distribute; or has in his possession with intent to distribute, exhibit, or offer to distribute, any obscene matter is guilty of a misdemeanor. Each sale, distribution, etc., is a separate violation.

SECTION 4. That Chapter 41, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-4103A, Idaho Code, and to read as follows:

18-4103A. ADVERTISEMENT, PROMOTION OF SALE, ETC., OF MATTER REPRESENTED TO BE OBSCENE -- PENALTY. Every person who writes, creates, or solicits the publication or distribution of advertising or other promotional material for, or who otherwise advertises or promotes the sale, distribution, or exhibition of matter represented or held out by him to be obscene, whether or not such matter exists in fact, or is

obscene, is guilty of a misdemeanor.

SECTION 5. That Section 18-4104, Idaho Code, be, and the same is hereby amended to read as follows:

18-4104. PARTICIPATION IN, OR PRODUCTION OR PRESENTATION OF, OBSCENE LIVE CONDUCT IN PUBLIC PLACE -- PENALTY. (A) Every person who knowingly engages or participates in, manages, produces, sponsors, presents, or exhibits obscene live conduct to or before an assembly or audience consisting of at least one (1) person or spectator in any public place, or in any place exposed to public view, or in any place open to the public or to a segment thereof, whether or not an admission fee is charged, or whether or not attendance is conditioned upon the presentation of a membership card or other token, is guilty of a misdemeanor.
(B) Every person who procures, counsels, or assists any person to engage in such conduct, or who knowingly exhibits, or procures, counsels, or assists in the exhibition of a motion picture, television production, or other mechanical reproduction containing such conduct, is guilty of a misdemeanor.

SECTION 6. That Chapter 41, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-4105A, Idaho Code, and to read as follows:

18-4105A. REQUIRING PURCHASER OR CONSIGNEE TO RECEIVE OBSCENE MATTER AS CONDITION TO SALE, ETC. -- PENALTY. Every person, who, knowingly, as a condition to a sale, allocation, consignment, or delivery for resale of any paper, magazine, book, periodical, publication or other merchandise, requires that the purchaser or consignee receive any matter reasonably believed by the purchaser or consignee to be obscene, or who denies or threatens to deny a franchise, revokes or threatens to revoke, or imposes any penalty, financial or otherwise, by reason of the failure of any person to accept such matter, or by reason of the return of such matter, is guilty of a misdemeanor.

SECTION 7. That Section 18-4107, Idaho Code, be, and the same is hereby amended to read as follows:

18-4107. CONSPIRACY -- PENALTY. A conspiracy of two (2) or more persons to commit any of the crimes proscribed by this act is punishable as a ~~misdemeanor~~ felony. Any court

having jurisdiction of the conspiracy crime has concurrent jurisdiction to try all misdemeanor crimes committed in furtherance of the conspiracy.

SECTION 8. That Section 18-4109, Idaho Code, be, and the same is hereby amended to read as follows:

18-4109. PUNISHMENT FOR VIOLATIONS. The following punishments are applicable to this act:
Every person who violates ~~section~~ {sections} 18-4103, 18-4104 or 18-4105, Idaho Code, is punishable by a fine of not more than three hundred dollars ($300), or by imprisonment in the county jail for not more than six (6) months, or by both such fine and imprisonment <u>for each separate violation.</u> If such person has twice been convicted within the immediately ~~preceeding~~ {preceding} two (2) years for any offense contained in chapter 41, title 18, <u>Idaho Code,</u> and these convictions were for offenses which occurred ten (10) or more days apart, a third or subsequent violation of sections 18-4103, 18-4104 or 18-4105, Idaho Code, within this two (2) year period is punishable as a felony.

SECTION 9. That Section 18-4110, Idaho Code, be, and the same is hereby amended to read as follows:

18-4110. EXPERT WITNESS TESTIMONY -- ADMISSIBILITY OF EVIDENCE. In any prosecution for a violation of the provisions of this act, neither the prosecution nor the defense shall be required to introduce expert witness testimony concerning the obscene or harmful character of the matter which is the subject of any such prosecution. ~~Any evidence which tends to establish contemporary community standards of appeal to prurient interest or of customary limits of candor in the description or representation of nudity, sex, or excretion {excretion}, or which bears upon the question of redeeming social value, shall, subject to the provisions of title 4 of the Idaho Evidence Code, be admissible when offered by either the prosecution or the defense.~~

SECTION 10. That Section 18-4111, Idaho Code, be, and the same is hereby repealed.

SECTION 11. That Chapter 41, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-4111, Idaho Code, and to read as follows:

18-4111. SEARCH WARRANT FOR SEIZURE OF OBSCENE MATERIAL. (A) An affidavit for a search warrant shall be filed with the magistrate describing the matter sought to be seized in detail. Where practical, the matter alleged to be obscene shall be attached to the affidavit for search warrant so as to afford the magistrate the opportunity to examine such material.

(B) Upon the filing of an affidavit for a search warrant, the magistrate shall determine, by examination of the matter sought to be seized, if attached, by an examination of the affidavit describing the matter, or by such other manner or means that he deems necessary, if probable cause exists to believe that the matter is obscene and that probable cause exists for the immediate issuance of a search warrant. Upon making such determination, he shall issue a search warrant ordering the seizure of the matter described in the affidavit for a search warrant according to the provisions of Idaho criminal rules of procedure.

(C) In the event that a search warrant is issued and matter alleged to be obscene is seized under the provisions of this section, any person alleged to be in possession of the said matter or claiming ownership of the matter at the time of its possession or seizure may file a notice in writing with the magistrate within ten (10) days of the date of the seizure alleging that the matter is not obscene and the magistrate shall set a hearing within one (1) day after request therefore, or at such time as the requesting party might agree, and at such hearing evidence may be presented as to the obscenity or nonobscenity of the matter seized and at the conclusion of such hearing, the magistrate shall make a further determination of whether probable cause exists to believe that the matter is obscene or nonobscene. A decision as to whether there is probable cause to believe the seized material to be obscene shall be rendered by the court within two (2) days of the conclusion of said hearing. If at such hearing the magistrate finds that no probable cause exists to believe that the matter is obscene, then the matter shall be returned to the person or persons from whom it was seized.

(D) If a motion to suppress the evidence is granted on the grounds of an unlawful seizure, the property shall be restored unless it is subject to confiscation as contraband, as provided for in section 18-4112, Idaho Code, in which case it shall not be returned.

(E) When a search warrant is issued under the provisions of this section, only that matter described in the complaint shall be seized by the executing peace officer or

officers.
(F) Procedures under this section for the seizure of allegedly obscene matter shall be cumulative of all other lawful means of obtaining evidence as provided by the laws of this state. Nothing contained in this section shall prevent the obtaining of alleged obscene matter by purchase or under injunction proceedings as authorized by this act or by any other statute of the state of Idaho.

SECTION 12. That Section 18-4112, Idaho Code, be, and the same is hereby repealed.

SECTION 13. That Chapter 41, Title 18, Idaho Code, be, and the same is hereby amended by the addition thereto of a NEW SECTION, to be known and designated as Section 18-4112, Idaho Code, and to read as follows:

18-4112. CONTRABAND. Destruction of obscene matter or advertisement of matter represented to be obscene:
(A) Obscene matter and advertisements for matter represented to be obscene are contraband and shall be destroyed.
(B) Upon the conviction of the accused or rendition of a court order declaring such matter to be contraband and subject to confiscation, the court shall, when such judgments become final, and all appeal procedures have terminated, order, upon five (5) days' notice to the defendant, any matter or advertisement, in respect whereof the accused stands convicted, and which remains in the possession or under the control of the prosecuting attorney or any law enforcement agency, to be destroyed, and the court shall cause to be destroyed any such material in its possession or under its control, retaining only such copies as are necessary for law enforcement purposes.

SECTION 14. That Section 18-4114, Idaho Code, be, and the same is hereby amended to read as follows:

18-4114. ENFORCEMENT BY INJUNCTION, ETC. The district courts of this state and the judges thereof shall have full power, authority, and jurisdiction, upon application by any county prosecutor or city attorney within their respective jurisdictions, or the attorney general, to issue any and all proper restraining orders, temporary and permanent injunctions, and any other writs and processes appropriate to carry out and enforce the provisions of this act. Such restraining orders or injunctions may issue to prevent any person from violating any of the provisions of this act, in

addition to those powers provided under title 52 of tthe Idaho Code. However, no restraining order or injunction shall issue except upon notice to the person sought to be enjoined. Such person shall be entitled to a trial of the issues within one (1) day after filing of an answer to the complaint and a decision shall be rendered by the court within two (2) days of the conclusion of the trial. In the event that a final order or judgment of injunction be entered against the person sought to be enjoined, such final order or judgment shall contain a provision directing the person to surrender to the sheriff of the county in which the action was brought any obscene matter in his possession which is subject to such injunction and such sheriff shall be directed to seize and destroy such matter.

SECTION 15. That Section 18-1514, Idaho Code, be, and the same is hereby amended to read as follows:

18-1514. OBSCENE MATERIALS -- DEFINITIONS. The following definitions are applicable to this act:
1. "Minor" means any person less than eighteen (18) years of age.
2. "Nudity" means the showing of the human male or female genitals, pubic area or buttocks with less than a full opaque covering, or the showing of the female breast with less than a full opaque covering of any portion thereof below the top of the nipple, or the depiction of covered male genitals in a discernibly turgid state.
3. "Sexual conduct" means any act of masturbation, homosexuality, sexual intercourse, or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks or, if such person be a female, the breast.
4. "Sexual excitement" means the condition of human male or female genitals when in a state of sexual stimulation or arousal.
5. "Sado-masochistic abuse" means flagellation or torture by or upon a person who is nude or clad in undergarments, a mask or bizarre costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one who is nude or so clothed.
6. "Harmful to minors" includes in its meaning one or both of the following:
   (a) The quality of any material or of any performance or of any description or representation, in whatever form, of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse, when it:
   (1)--predominantly--appeals-to-the-prurient,-shameful-or

~~morbid interests of minors, and (2) is patently offensive to prevailing standards in the adult community as a whole with respect to what is suitable material for minors, and (3) is utterly without redeeming social importance for minors.~~

 (1) appeals to the prurient interest of minors as judged by the average person, applying contemporary community standards; and
 (2) depicts or describes representations or descriptions of nudity, sexual conduct, sexual excitement, or sado-masochistic abuse which are patently offensive to prevailing standards in the adult community with respect to what is suitable material for minors and includes, but is not limited to, patently offensive representations or descriptions of:
 (i) intimate sexual acts, normal or perverted, actual or simulated; or
 (ii) masturbation, excretory functions or lewd exhibition of the genitals or genital area. Nothing herein contained is intended to include or proscribe any matter which, when considered as a whole, and in context in which it is used, possesses serious literary, artistic, political or scientific value for minors, according to prevailing standards in the adult community, with respect to what is suitable for minors.

 (b) The quality of any material or of any performance or of any description or representation, in whatever form, which, as a whole, has the dominant effect of substantially arousing sexual desires in persons under the age of eighteen (18) years.

 7. "Material" means anything tangible which is harmful to minors, whether derived through the medium of reading, observation or sound.

 8. "Performance" means any play, motion picture, dance or other exhibition performed before an audience.

 9. "Promote" means to manufacture, issue, sell, give, provide, deliver, publish, distribute, circulate, disseminate, present, exhibit or advertise, or to offer or agree to do the same.

 10. "Knowingly" means having general knowledge of, or reason to know, or a belief or reasonable ground for belief which warrants further inspection or inquiry.

 SECTION 16. If any phrase, clause, sentence, section, or provision of this act or application thereof to any person or circumstance is held invalid, such invalidity shall not affect any other phrase, clause, sentence,

section, provision, or application of this act which can be given effect without the invalid phrase, clause, sentence, section, provision, or application and to this end the provisions of this act are declared to be severable.

Approved March 10, 1976.